**Jeffrey A. EVANS, Petitioner–Appellant,**

**v.**

Robert PATTON,* Respondent–
Appellee.

No. 13–7065.

United States Court of Appeals,
Tenth Circuit.

May 1, 2014.

Jeffrey A. Evans, Lawton, OK, pro se.

Diane L. Slayton, Office of the Attorney
General for the State of Oklahoma, Okla-
homa City, OK, for Respondent–Appellee.

Before KELLY, HOLMES, and
MATHESON, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY **

JEROME A. HOLMES, Circuit Judge.

Petitioner–Appellant Jeffrey Evans, pro-
ceeding pro se [1] and *in forma pauperis,*
seeks a certificate of appealability ("COA")
to challenge the district court's dismissal
of his petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254. Exercising
jurisdiction under 28 U.S.C. § 1291, we
**deny** Mr. Evans's application for a COA
and **dismiss** this matter.

A COA is a jurisdictional prerequisite
to our review of the merits of a § 2254
appeal. *See* 28 U.S.C. § 2253(c)(1)(A);
*Davis v. Roberts,* 425 F.3d 830, 833 (10th
Cir.2005); *see also Gonzalez v. Thaler,*
— U.S. ——, 132 S.Ct. 641, 649, 181
L.Ed.2d 619 (2012) (citing the "clear ju-
risdictional language . . . in § 2253(c)(1)"
(internal quotation marks omitted)). We

will not issue a COA unless "the appli-
cant has made a substantial showing of
the denial of a constitutional right."
*Harris v. Dinwiddie,* 642 F.3d 902, 906
(10th Cir.2011) (quoting 28 U.S.C.
§ 2253(c)(2)) (internal quotation marks
omitted). An applicant "satisfies this
standard by demonstrating that jurists of
reason could disagree with the district
court's resolution of his constitutional
claims or that jurists could conclude that
the issues presented are adequate to de-
serve encouragement to proceed further."
*Dulworth v. Jones,* 496 F.3d 1133, 1136–
37 (10th Cir.2007) (quoting *Miller–El v.
Cockrell,* 537 U.S. 322, 327, 123 S.Ct.
1029, 154 L.Ed.2d 931 (2003)) (internal
quotation marks omitted).

Following a jury trial, Mr. Evans was
convicted in the district court of Love
County, Oklahoma for the May 2006 mur-
der of Calvin Porter. The Oklahoma
Court of Criminal Appeals ("OCCA") af-
firmed his conviction and sentence and
subsequently affirmed the state district
court's denial of postconviction relief. Mr.
Evans is presently serving a life sentence
at Oklahoma's Lawton Correctional Facili-
ty.

On April 20, 2010, Mr. Evans filed a
petition for a writ of habeas corpus in the
Eastern District of Oklahoma, pursuant to
§ 2254, attacking the validity of his convic-
tion and asserting twenty-one grounds for
relief. The matter was referred to a mag-
istrate judge for a proposed dispositional
recommendation, *see* 28 U.S.C.
§ 636(b)(1)(B); thereafter, in a detailed

---

* Pursuant to Federal Rule of Appellate Proce-
dure 43(c)(2), Robert Patton, the current
Director of the Oklahoma Department of
Corrections, is automatically substituted as
Respondent in this case.

** This order is not binding precedent except
under the doctrines of law of the case, res
judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consis-

tent with Federal Rule of Appellate Procedure
32.1 and Tenth Circuit Rule 32.1.

1. Because Mr. Evans appears pro se, we con-
strue his filings liberally. *See Erickson v.
Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167
L.Ed.2d 1081 (2007) (per curiam); *Garza v.
Davis,* 596 F.3d 1198, 1201 n. 2 (10th Cir.
2010).

report and recommendation, the magistrate judge recommended that the district court deny habeas relief and dismiss the action "in all respects." R., Vol. II, at 455 (Report & Recommendation, filed Aug. 1, 2013). On September 24, 2013 (over Mr. Evans's numerous objections), the district court issued a one-page order affirming and adopting the magistrate judge's report and recommendation, and dismissing his petition. *Id.* at 468 (Order, filed Sept. 24, 2013). The court entered final judgment the same day, and this proceeding followed.

Pursuant to the analytic framework that the Supreme Court has established, most notably in *Miller–El*, we have thoroughly reviewed Mr. Evans's combined opening brief and application for a COA and the record, including the district court's dismissal order that adopted in full the magistrate judge's report and recommendation. Based upon this review, we conclude that Mr. Evans is not entitled to a COA on any of his claims because reasonable jurists would not debate the correctness of the district court's decision. We likewise conclude that Mr. Evans has not demonstrated that any of the issues he has presented are adequate to deserve encouragement to proceed further.

Accordingly, for the foregoing reasons, we **DENY** Mr. Evans's request for a COA. This matter is hereby **DISMISSED**.